L. H. HARRIS v. PENN. NATIONAL HARDWARE MUTUAL, et al.

Western Section.   March 2, 1928.

Petition for Certiorari denied by Supreme Court, May 26, 1928.

Wilson, Gates & Armstrong, of Memphis, for plaintiff in error.
R. L. Bartels, of Memphis, for defendant in error.

HEISKELL, J.   On February 5, 1927, the following order was entered in this case in the circuit court of Shelby county:

"Be is remembered that this cause came on to be heard upon the record and particularly upon the plea in abatement filed by the defendant, and upon issue joined thereon.

"And after consideration of the evidence, consisting of the dismissal or voluntary nonsuit of the record in L. H. Harris v. Penn-National Hardware Mutual, No. 27299 A. D., and of such record itself, the court doth order and adjudge that the plea in abatement herein be and the same is hereby sustained, and the cause abated, or dismissed, with costs taxed against the plaintiff, for which let execution issue.  Plaintiff excepts."

On March 19, 1927, the following motion was filed entitled "Petition or Motion to have Court correct error;"

"Comes the plaintiff and shows to the court that suit was first filed in this cause on the —— day of February, 1926.  Service was had of the summons on T. C. Barnes, agent.  Plea in abatement was filed in the said cause showing that T. C. Barnes was not agent of the defendant at the time of service of summons.  Plaintiff's attorney investigated and ascertained the correctness of the plea in abatement.

"Plaintiff filed a second suit on May 24, 1926, No. 27508, and service was had upon the Insurance Commissioner of the State of Tennessee, complying with the statute providing for service on a foreign insurance company.  The defendant filed a plea in abatement of former suit pending.  The same was heard on motion day, namely the 5th day of February, 1927, and on the morning at the hearing of the motion in open court plaintiff dismissed and abandoned the first suit, namely No. 27299 Appearance Docket, circuit court, Shelby county, Tennessee, and thereupon a motion to dispose of the said plea in abatement the defendant's attorney insisted that the plea in abatement maintain as of the day it was filed, that on the said occasion there were two suits pending and he was entitled to have this cause dismissed.  After hearing argument the court was pleased to abate the said cause.  The same occurred in this term.

"Now comes the plaintiff and shows to the court that error was committed in sustaining the defendant's plea in abatement and dismissing plaintiff's suit on a plea of the defend-

ant that a former suit was pending and that because of the said error the plaintiff, prays the court to enter its order remedying error and dismissing the defendant's plea in abatement and requiring him to plead to this cause.

"Your petitioner shows that this motion was at the opening of Div. 3 of the circuit court presented and thereupon the judge ruled that the cause was not properly in his court until and unless it was referred to his court by Division 1, the senior court.

"To all of which exception is reserved.

"Whereupon petition is in this court made to recognize this motion, same being made in open court requesting that the same be transferred to Division 3, the part of this court wherein we claim the error was committed."

On the same day, March 19, 1927, this order was entered:
"MOTION TO CORRECT ETC. EXTENSION OF TIME.

"This cause came on this day to be heard on the oral motion to transfer this cause to Division 3, to correct error, which motion was by the court overruled, to which action of the court the plaintiff excepted and prayed an appeal, and an appeal in the nature of a writ of error to the Court of Appeals which is granted upon the execution of an appeal bond conditioned as required by law. And it appearing to the court that this is the last day of the present 1927 term of court, on motion, it is ordered that the time and term be and it is hereby extended for a period of twenty days for the purpose of preparing and filing bill of exceptions and appeal bond and for all other purposes necessary to perfect said appeal."

It appears from the record that on February 5, 1927, the plaintiff took a nonsuit in the former suit. No appeal was perfected, but plaintiff brings up the case on writ of error.

The plaintiff contends that it was error to sustain the plea in abatement and dismiss his suit.

The defendant moved to strike from the record all proceedings in case No. 27299, the former suit, because there is no bill of exceptions in the present case, No. 27508, and therefore no evidence can be considered. Defendant also moves to dismiss the writ of error and affirm the judgment of the lower court on the ground that there is no bill of exceptions and no motion for a new trial. Defendant also files a brief on the merits, insisting that the action of the court is correct.

If the case were before us on the merits, with the record showing that the former suit was dismissed, or nonsuit taken, when this case was tried on the plea in abatement, we think the case should be reversed on the authority of Turner v. Lumbrick, 19 Tenn. (Meigs.), 7-13, cited in Walker v. Vandiver, 133 Tenn., at page 430.

In that case when called on the plea of former suit pending, the plaintiff did not admit the former pending suit but stated that he would release the defendant from all liability by reason of any former suit. Thereupon the court proceeded with the case and plaintiff recovered, and the judgment was affirmed. It seems that all plaintiff was called upon to do was to announce an abandonment of the former suit when this case was called on the plea of former suit pending; but there is no bill of exceptions and we cannot tell what was before the court.

As to the lack of motion for a new trial, perhaps the motion to correct errors was equivalent to a motion for new trial. But if so, still this motion was made forty-five days after judgment dismissing plaintiff's suit, and a judgment becomes final at the end of thirty days. The record does not show upon what ground the lower court overruled the motion to correct errors. It does not show upon what ground the court sustained the plea in abatement. Without a bill of exceptions and the motion to correct errors having been made more than thirty days after the judgment dismissing plaintiff's suit, we do not see how this court can do otherwise than affirm the judgment of the lower court, and this is now accordingly done.

Owen and Senter, JJ., concur.